IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JOSEPH C.,**[1] <br><br> Plaintiff, <br><br> v. <br><br> **COMMISSIONER, SOCIAL SECURITY ADMINISTRATION**, <br><br> Defendant. | **Civ. No. 6:22-cv-01816-MK** <br><br> **OPINION AND ORDER** |

**MCSHANE, Judge**:

Before the Court is Plaintiff's motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). ECF No. 33. Because this Court committed clear error, Plaintiff's motion is GRANTED. Magistrate Judge Kasubhai's Findings and Recommendation (ECF No. 26) is adopted in part. For the reasons outlined below, the Commissioner's decision is REVERSED and this matter is REMANDED for immediate payment of benefits.

**PROCEDURAL BACKGROUND**[2]

Plaintiff seeks judicial review of a final decision of the Commissioner of the Social Security Administration, alleging that the ALJ erred in evaluating Plaintiff's subjective symptom testimony, medical opinions, and lay witness testimony. Pl.'s Br., ECF No. 19. The

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party in this case and any immediate family members of that party.

[2] The Court adopts the procedural and factual background in Judge Kasubhai's Findings and Recommendation and does not repeat that background here.

1 – OPINION AND ORDER

Commissioner concedes that the ALJ erred but argues that the case be remanded for further proceedings. Def.'s Br., ECF No. 22. Magistrate Judge Kasubhai filed a Findings and Recommendation, agreeing with the Commissioner and recommending that the case be remanded for further proceedings to address how Plaintiff's history of substance use affects his residual functional capacity. F&R, ECF No. 26. On Plaintiff's objections,[3] this Court adopted Judge Kasubhai's Findings and Recommendation in full. August 27, 2024 Order, ECF No. 31. Plaintiff now moves to amend the judgment, arguing that it was based on manifest errors of fact.

## STANDARDS

To alter or amend a final judgment is "an extraordinary remedy" and must be used "sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). The Ninth Circuit recognizes four basic grounds on which a district court may grant a motion under Rule 59(e): "if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1110 (9th Cir. 2011).

## DISCUSSION

As the Commissioner concedes, the ALJ erred in evaluating Plaintiff's subjective symptom testimony, medical opinion evidence, and lay witness testimony.  Because the ALJ

---

[3] The Order adopting the Findings and Recommendation mistakenly referred to "Defendant's objections." Defendant did not file objections to the Findings and Recommendation.

erred, the question before the Court is whether to remand for further administrative proceedings or an award of benefits. Generally, "when an ALJ's denial of benefits is not supported by the record, 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012), quoting *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004). However, an award of benefits can be directed "where the record has been fully developed and where further administrative proceedings would serve no useful purpose." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Remand for calculation of benefits is only appropriate where the credit-as-true standard has been satisfied, which requires:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014).

The Commissioner argues that further proceedings are needed to resolve conflicts and outstanding issues. Def.'s Br. 2. First, the Commissioner argues that further proceedings are necessary to reevaluate Plaintiff's subjective symptom testimony and the medical opinion evidence. The Court disagrees. Reevaluation of testimony and opinion evidence that has been rejected for legally insufficient reasons is not a "useful purpose." *Garrison*, 759 F.3d at 1021; *cf. Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication.")

Next, the Commissioner argues that the materiality of Plaintiff's substance abuse disorder

3 – OPINION AND ORDER

is an unresolved issue. Def.'s Br. 8. In adopting Judge Kasubhai's Findings and Recommendation in full, the Court erred here. The Court adopted Judge Kasubhai's finding that Plaintiff continued to use THC after his alleged onset of disability, well into 2020. However, a more careful review of the record makes it clear that this is not the case.

Plaintiff's alleged onset of disability is September 10, 2019. Tr. 266. On October 25, 2019, Plaintiff reported to his medical care providers that he had stopped using THC. Tr. 580. Monthly drug testing supports this assertion. While Plaintiff tested positive for THC in his urine through November 2019, THC was not detected in his urine in every monthly test thereafter. Tr. 614–616. Therefore, subjective symptom testimony and medical opinion evidence from after October 25, 2019, address Plaintiff's limitations without the influence of THC.

Sepideh Ahmadpour, PMHNP, submitted a medical source statement on August 4, 2021, nearly two years after Plaintiff had stopped using THC. Tr. 719–22. The medical source statement specifically instructs the provider to not include any limitations that are a result of drug addiction. Tr. 719. Among other limitations, NP Ahmadpour opined that Plaintiff would be off task at least 30% of a normal workday. Tr. 722.

This is a rare instance where remand for an award of benefits is appropriate. Here, Plaintiff satisfies all three *Garrison* requirements. The record is fully developed and there are no ambiguities that further administrative proceedings need resolve. As the Commissioner concedes, the ALJ committed harmful error in discounting both NP Ahmadpour's opinion and Plaintiff's subjective symptom testimony. Credited as true, these opinions combined with the vocational expert's testimony establish that Plaintiff is disabled under the Act. The vocational expert testified that, in her experience, a worker who was off task up to 10% of a normal

workday would be unable to maintain competitive employment. Tr. 94. Moreover, consideration of the record as a whole convinces the Court that Plaintiff is disabled. The Court sees no purpose for further proceedings.

## **CONCLUSION**

For these reasons, Plaintiff's motion to amend or alter the judgment (ECF No. 33) is GRANTED. The Commissioner's final decision is REVERSED and this case is remanded for award of benefits.

IT IS SO ORDERED.

DATED this 30th day of October, 2024.

                                                    s/ Michael J. McShane
                                                  Michael J. McShane
                                                  United States District Judge